# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| ARTHUR MITCHELL, | § | |
| | § | |
| *Plaintiff*, | § | Case No. 2:16-CV-01039-RSP |
| | § | |
| v. | § | |
| | § | |
| THE CITY OF NAPLES, DANNY MILLS, | § | |
| DENNIS CHARTIER, | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM ORDER

Currently before the Court are motions for summary judgment filed by Defendant City of Naples (Dkt. No. 61), and by Defendants Danny Mills and Dennis Chartier (Dkt. No. 48). Both motions are granted in part and denied in part as follows.

Plaintiff Arthur Mitchell has been employed by the City of Naples, Texas, since April 2007. On September 21, 2016, he filed this action against the City and its current and former mayors alleging that he was paid less than similarly situated white employees because he is African-American. Mitchell has identified three white comparators to support his allegation of disparate pay: Henry Vissering, Dwayne Heard, and Loyd Davlin. Defendants' motions raise four grounds for dismissal: (1) that none of the comparators are similarly situated and thus cannot serve as the basis for a valid claim of disparate pay; (2) that Vissering and Heard cannot be valid comparators because their employment terminated before Plaintiff's limitations period began; (3) that neither of the mayors can be legally responsible for any pay disparity because only the City Council can set the pay of city employees; and (4) there can be no pay claim against the mayors in their

individual capacities under 42 U.S.C. §1981 (*Oden v. Oktibbeha County*, 246 F.3d 458, 462 (5th Cir. 2001).

*Comparators*

The summary judgment record supports the Defendants' position that Henry Vissering is not a proper comparator for Plaintiff because Vissering was a superintendent with certain very different job duties than Plaintiff. Whether or not Plaintiff could have performed Vissering's duties, and even whether Plaintiff did sometimes perform them, is not the issue. Plaintiff's job was materially and indisputedly different from Vissering's. Accordingly, the motions will be granted to that extent.

While Loyd Davlin eventually became a superintendent, there is a genuine dispute of fact as to whether he was hired as such. There are also genuine disputes as to the extent of his relevant experience at the time he was hired and to what extent his job duties differed significantly from Plaintiff's. Similarly, there are genuine disputes as to the similarity of the job responsibilities of Dwayne Heard during the brief period of his employment, and the Court cannot conclude that he is not a proper comparator.

Defendants point out that both Heard and Vissering left the City's employment long before the actionable time frame for Plaintiff's claims, which the parties agree would be September of 2012. Of course, the Court has already determined that Vissering is not a proper comparator. However, the fact that Heard left the City in March of 2012 does not prevent Plaintiff from relying on Heard's pay to support his claim that his own pay for nearly identical work was discriminatorily lower. The cases relied upon by Defendants, such as *Frazier v. Sabine River Authority*, 509 F.App'x 370 (5th Cir. 2013), merely stand for the proposition that a plaintiff cannot recover for a job that he performed beyond the statute of limitations. They do not hold that a plaintiff cannot

rely upon, as evidence of discrimination, the higher pay that a comparator received for doing the same job before the limitations period. *Brinkley-Obu v. Hughes Training, Inc*., 36 F.3d 336, 345 (4th Cir. 1994). Accordingly, the motions are denied with respect to comparison with Heard and Davlin.

*Mayors*

Defendants offer considerable evidence in support of their argument that only the City Council can set salaries, and thus Mayor Chartier (2015 – present) and former Mayor Mills (2011 – 2015) cannot be liable. However, Plaintiff has offered sufficient summary judgment evidence to create a genuine dispute of fact, by showing that there is no evidence that the City Council took action to set the starting salaries of Plaintiff and the comparators, meaning that the Mayors must have done that when they hired them, and also by showing inconsistent testimony by various city employees on that issue. Indeed, the Texas statutes on Type A general law municipalities like Naples also tend to support Plaintiff's argument about the power of the mayors. Local Government Code §22.042(a). Even though neither Mills nor Chartier hired Plaintiff initially and set his pay, Mills did hire Davlin and both had authority over Plaintiff and Davlin and their pay during the period in which Plaintiff alleges that he was paid less due to his race. There is also no serious argument about whether the right to be free from racial discrimination in the terms and conditions of employment was a clearly established constitutional right at all relevant times.

Defendants argue that there can be no pay claim against the mayors in their individual capacities under 42 U.S.C. §1981. In *Oden v. Oktibbeha County*, 246 F.3d 458, 462 (5th Cir. 2001), the Court clearly held that elected officials cannot be liable for such pay claims in their individual capacities. Since the official capacity claims against the mayors have already been

dismissed (Dkt. No. 18), there can be no doubt that only the individual capacity claims remain. Accordingly, the motion to dismiss the claims under §1981 is granted.

**SIGNED this 7th day of July, 2017.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE