# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| ARTHUR MITCHELL, | § § § | |
| Plaintiff, | § § | No. 2:16-cv-1039-RSP |
| v. | § § | |
| CITY OF NAPLES, TEXAS, DANNY MILLS, in his Individual Capacity, and DENNIS CHARTIER, in his Individual Capacity, | § § § § § § | |
| Defendants. | § | |

## **MEMORANDUM ORDER**

On this day, the Court considered Defendant City of Naples' Motion to Reconsider Motion for Summary Judgment [Dkt. #61] in Light of Fifth Circuit Opinion [Dkt. #101]. After due consideration of said Motion, the Response filed by Plaintiff [Dkt. # 105], and the Reply filed by Defendant [Dkt. #107], the Court finds the Motion is well taken. This Motion is therefore GRANTED. Further, after reconsidering Defendant City of Naples' Motion for Summary Judgment, the Court has determined that it should be GRANTED.

Plaintiff has filed this wage-discrimination action against Defendants City of Naples, Danny Mills, and Dennis Chartier under 42 U.S.C. § 1983. Compl. [Dkt. #1]. Plaintiff alleges he was paid less than two white coworkers with comparable positions and that this violated the Equal Protection Clause of the Fourteenth Amendment. Compl. at ¶ 4.7. Defendant City of Naples filed a Motion for Summary Judgment, asserting that "no Constitutional violations were committed by Defendants City of Naples, Mills, and/or Chartier." Def. City of Naples

Mot. Summ. J. at 21 [Dkt. #61]. Defendants Mills and Chartier also filed a Motion for Summary Judgment on the basis of qualified immunity. Defs. Mills and Chartier Mot. Summ. J. [Dkt. #48]. This Court denied these Motions to the extent that they were asserting that no Constitutional violations occurred or that qualified immunity applied. *Mitchell v. City of Naples*, No. 2:16-CV-01039-RSP, 2017 WL 2911583 (E.D. Tex. July 7, 2017) [Dkt. #85]. Defendants Mills and Chartier filed an interlocutory appeal on this decision. Notice Interlocutory Appeal [Dkt. #87].

On appeal, the Fifth Circuit determined that Plaintiff failed to show that his constitutional rights were violated by Defendants Mills and Chartier. *Mitchell v. Mills*, 895 F.3d 365, 370 (5th Cir. 2018). The Fifth Circuit stated that, as part of Mitchell's prima facie case of wage discrimination, he "must show that he was a member of a protected class and that he was paid less than a non-member for work requiring substantially the same responsibility." *Id.* (citing *Taylor v. United Parcel Serv., Inc.*, 554 F.3d 510, 522 (5th Cir. 2008). "An individual plaintiff claiming disparate treatment in pay . . . must show that his circumstances are 'nearly identical' to those of a better-paid employee who is not a member of the protected class." *Id*. (citing *Taylor*, 554 F.3d at 523 (quoting *Little v. Republic Ref. Co*., 924 F.2d 93, 97 (5th Cir. 1991))). The Fifth Circuit found that "there can be no genuine dispute that Mitchell's job is not 'nearly identical' to that of his proffered comparators." *Id.* at 371. Accordingly, the Fifth Circuit remanded the case with instructions to dismiss claims against Defendants Mills and Chartier on the grounds of qualified immunity. *Id.* at 372. City of Naples is the only remaining defendant in this case.

After reconsideration of City of Naples Motion for Summary Judgment, the Court finds that the Motion should be GRANTED because the Fifth Circuit decision has now provided the "law of the case." The "law of the case" rule is "based upon sound policy that when an issue is once litigated and decided, that should be the end of the matter." *Morrow v. Dillard*, 580 F.2d 1284, 1290 (5th Cir. 1978). "[A] decision of a legal issue or issues by an appellate court establishes the 'law of the case' and must be followed in all subsequent proceedings in the same case in the trial court or on a latter appeal in the appellate court, [u]nless (1) the evidence on a subsequent trial was substantially different, (2) controlling authority has since made a contrary decision of the law applicable to such issues, or (3) the decision was clearly erroneous and would work manifest injustice." *Id*.

In determining that claims against Mills and Chartier should be dismissed, the Fifth Circuit determined that "there can be no genuine dispute that Mitchell's job is not 'nearly identical' to that of his proffered comparators." *Mitchell v. Mills*, 895 F.3d 365, 371 (5th Cir. 2018). Here, the facts related to this Motion are not substantially different from the facts of the summary judgment motions made by Mills and Chartier.[1] Plaintiff does not point out any differences between the factual background for the issues presented in the two Motions for Summary Judgment, and the Court is not aware of any such differences. Further, no controlling authority has made any contrary decision of law applicable to the issues since the Fifth Circuit's decision, and the Fifth Circuit's decision was not clearly erroneous. Accordingly, none of the exceptions to the "law of the case" rule apply, so this Court is

---

[1] Plaintiff attempts to assert new facts in its Sur-Reply [Dkt. #109], but this Sur-Reply is not timely filed, and the Court is not considering the Sur-Reply for the purposes of resolving this Motion for Reconsideration.

bound to follow the Fifth Circuit's decision that Plaintiff has failed to produce a prima facie case of wage discrimination against Defendant City of Naples.

It is therefore ORDERED that Defendant City of Naples' Motion to Reconsider Motion for Summary Judgment in Light of Fifth Circuit Opinion [Dkt. #101] is GRANTED. After reconsideration, the Court has concluded that the Motion for Summary Judgment [Dkt. #61] should be GRANTED. It is therefore ORDERED that all claims and causes of action asserted by Plaintiff against Defendant City of Naples are hereby dismissed with prejudice.

**SIGNED this 12th day of October, 2018.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE